# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL LOPEZ, | CASE NO. 1:07-cv-00808-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BE DENIED |
| v. | |
| DERRAL G. ADAMS, et al., | |
| Defendants. | (Doc. 25) |
| / | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.** **Findings**

    **A.** **Procedural History**

Rafael Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This is proceeding on Plaintiff's complaint, filed June 1, 2007, against defendants Masiel, Flowerdew, and Davis ("Defendants") for violation of Plaintiff's rights under the Eighth Amendment. On June 16, 2008, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), Defendants filed a motion to dismiss for failure to exhaust available administrative remedies. (Doc. 25.)

On April 28, 2008, Plaintiff filed a motion entitled "Amendments Motion for Judgement," which discussed exhaustion of administrative remedies. (Doc. 21.) Though filed prior to Defendants' motion to dismiss, Plaintiff's April 28, 2008 filing shall be treated as an

opposition to Defendants' motion.  On May 29, 2009, Defendants filed a reply to Plaintiff's opposition.  (Doc. 35.)[1]

### B.   Motion to Dismiss For Failure to Exhaust Administrative Remedies

#### 1.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S. Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Chruner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S. Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by

---

[1] Due to clerical error, the Court closed this action on June 20, 2008.  The Court reinstated this action on May 19, 2009.  The Court granted Defendants leave to file a reply to Plaintiff's opposition within five days on May 21, 2009.  (Doc. 34.)  The Court deems Defendants' reply timely.

submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d at 1199-1201.

### 2.     Exhaustion of Available Administrative Remedies

Plaintiff's complaint is proceeding against Defendants for allegedly violating Plaintiff's Eighth Amendment rights by forcing him to sleep naked in a cold cell for thirteen days without bedding and hygienic items because he refused to accept a cell mate. (Doc. 1, pp. 3-4.) Defendants contend that Plaintiff has failed to exhaust administrative remedies regarding his claim. Defendants do not contend that Plaintiff failed to appeal his grievance regarding his conditions of confinement through the Director's level. Plaintiff's pleadings clearly indicate that he did. (Doc. 1, pp. 8-9.) Rather, Defendants argue that Plaintiff did not exhaust his administrative remedies because he did not request money damages for his conditions of confinement claim until he filed his complaint. (Doc. 25, p. 6:11-25.) Defendants contend that under Booth v. Churner, 532 U.S. 731 (2001), the PLRA requires "procedural exhaustion *regardless* of the fit between a prisoner's prayer for relief and the administrative remedies available." (Doc. 25, p. 6:26-28.) Thus, Defendants argue that Plaintiff should have requested monetary damages as relief during the administrative grievance process in order to comply with the PLRA.

Plaintiff in his opposition contends that he exhausted available administrative remedies by 1) presenting the facts related to his complaint in his grievance and 2) appealing his grievance to the Director's level. (Doc. 21, pp. 1-2.) The record clearly indicates that Plaintiff did not request money damages during the inmate appeals process at either the informal level, first level, second level, or Director's level of appeal. (Doc. 1, pp. 8-17.)

3

1    The United States Supreme Court discussed the PLRA and exhaustion of administrative remedies in Booth v. Churner, 532 U.S. 731 (2001). In Booth, the plaintiff had sued correctional officers under § 1983 for an alleged violation of the plaintiff's Eighth Amendment rights. 532 U.S. at 734. Prior to filing his claim in federal court, the plaintiff filed an administrative grievance regarding this alleged constitutional violation. Id. at 734-35. However, the plaintiff did not appeal past the first step and "never sought intermediate or final administrative review after the prison authority denied relief." Id. at 735. The plaintiff argued that he did not have to exhaust administrative remedies because the administrative process could not provide him with the monetary relief he sought. Id. The United States Supreme Court found that the plaintiff had failed to exhaust available administrative remedies. Id. at 734.

The Supreme Court held that under the PLRA, "[T]he word 'exhausted' has a decidedly procedural emphasis. It makes sense only in referring to the procedural means, not the particular relief ordered. . . .It makes no sense to demand that someone exhaust 'such administrative [redress]' as is available; one 'exhausts' processes, not forms of relief." Id. at 739.

Defendants argue that in order to exhaust administrative remedies, Plaintiff should have requested as relief during the inmate appeals process every remedy he sought, regardless of the availability of a remedy. However "one exhausts processes, not forms of relief." Id.; see also Strong v. David, 297 F.3d 646, 649-50 (7th Cir. 2002) (citing Booth, 532 U.S. at 739) ("[N]o administrative system may demand that the prisoner specify each remedy later sought in litigation[.] . . . § 1997e(a) requires each prisoner to exhaust a *process* and not a *remedy*.") (emphasis in original).

The primary purpose of a prisoner grievance is to alert prison officials to a problem. Jones v. Bock, 549 U.S. 199, 219 (2007) (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004)); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong, 297 F.3d at 650) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."). Plaintiff through the inmate appeals process notified prison officials of his conditions of confinement grievance. (Doc. 1, pp. 8-17.) Plaintiff appealed his grievance through the Director's level prior to filing this action. (Id., pp. 8-9.) Plaintiff fully complied with the

California Department of Corrections administrative procedures for filing prisoner grievances. Unlike the plaintiff in Booth, Plaintiff here has exhausted available administrative remedies in accordance with the PLRA.

Accordingly, Defendants' motion to dismiss for failure to exhaust available administrative remedies is without merit and should be denied.

## II.     Recommendations

For the foregoing reasons, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust available administrative remedies, filed on June 16, 2008, should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **June 3, 2009**                        /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE