# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL LOPEZ,<br><br>              Plaintiff,<br><br>       v.<br><br>DERRAL G. ADAMS, et al.,<br><br>              Defendants.<br>                                                             / | CASE NO. 1:07-CV-00808-LJO-DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(DOC. 52) |

Plaintiff Rafael Lopez ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants Davis, Masiel, and Flowerdew for deliberate indifference in violation of the Eighth Amendment. On June 14, 2010, Defendants Davis, Masiel, and Flowerdew filed a motion for summary judgment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 21, 2011, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within twenty-one days. After an extension of time, Defendants filed an Objection to the Findings and Recommendations on February 25, 2011. Doc. 55.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

1    Defendants contend that there is no allegation that Defendants placed Plaintiff on
2 management cell status with the intent of denying him bedding and clothing for thirteen days.
3 Defendants contend that Plaintiff failed to allege Defendants were aware of how long he was retained
4 on management cell status, or that they were aware of how long he was deprived of bedding and
5 clothes.

6    Under the summary judgment legal standard, all undisputed facts, and all reasonable
7 inferences, are construed in the light most favorable to the non-moving party. *Matsushita Elec.*
8 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Plaintiff declared in his opposition to
9 Defendants' motion that Defendants placed him on management cell status and removed all of
10 Plaintiff's bedding and clothes, while temperature was under or in the thirties. A reasonable
11 inference can thus be made that the Defendants knew of the temperature when they placed him on
12 management cell status, and thus knew of and disregarded an excessive risk to Plaintiff's health.
13 *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996)
14 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)), *amended by* 135 F.3d 1318 (9th Cir.
15 1998).

16    Defendants also contend that they were not responsible regarding Plaintiff's management cell
17 status after they placed him there, as they expected his status to be reviewed by the Institutional
18 Classification Committee ("ICC"), a facility lieutenant, and the facility captain. Defendants contend
19 that a facility captain would typically review Plaintiff's status every twenty-four hours. Defendants
20 do not argue how the ICC, lieutenant, or captain would perform the review. Plaintiff declared that
21 Defendants removed Plaintiff's bedding and clothes, and placed Plaintiff in the cell while the
22 temperature was under or in the thirties. Plaintiff declared that he remained in his cell for thirteen
23 days under these conditions. Thus, as stated previously, the Court can reasonably infer that
24 Defendants were aware that they were placing him in a cell without adequate heating, and without
25 bedding or clothes. A reasonable inference can also be made that Defendants were aware that
26 Plaintiff could remain on management cell status without bedding or clothes in near-freezing
27 temperatures for several days. A reasonable inference can be made that Defendants disregarded
28 serious risks to his health when they placed him in such conditions. *Farmer*, 511 U.S. at 837. There

is a sufficient dispute of material fact for this action to proceed to trial.

    Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed January 21, 2011, is adopted in full;
2. Defendants' motion for summary judgment, filed June 14, 2010, is denied; and
3. The matter is referred to the magistrate judge for trial setting proceedings.

IT IS SO ORDERED.

**Dated:   March 17, 2011**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE